**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**BERTRAM MCMANIS**                                                                      **PLAINTIFF**

**v.**                                                          **No. 2:04CV202-D-A**

**OLIVE BRANCH POLICE DEPARTMENT, ET AL.**             **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the plaintiff's December 28, 2005, motion for a temporary restraining order or preliminary injunction. The plaintiff seeks an order from the court requiring the Mississippi Department of Corrections to refer the plaintiff to specialists to treat his broken teeth (which are sensitive to cold and heat) and injured back (which hurts if the plaintiff sits for more than a few minutes). The plaintiff acknowledges in his motion that Mississippi Department of Corrections doctors have examined him and determined that he does not need treatment.

a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is, however, an extraordinary remedy, *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994), "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City*

*of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985))

The plaintiff is unable to demonstrate a substantial likelihood of success on the merits in light of his argument as framed in the instant motion. The plaintiff's claim is that the Mississippi Department of Corrections has denied his medical care in derogation of the Eighth Amendment prohibition against cruel and unusual punishment. For the reasons set forth below, the plaintiff is unlikely to prevail during a trial of this claim.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Finally, a prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). The plaintiff is having trouble with his teeth and his back. Prison doctors have examined him and concluded that these conditions do not require treatment. The plaintiff disagrees, but his disagreement does not rise to the level of a constitutional claim. Accordingly, plaintiff fails to demonstrate a substantial likelihood that he will prevail on his claim, and the instant motion for a temporary restraining order or a preliminary injunction shall be denied.

A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 25th day of January, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE